IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Antonio Moultrie, | ) | |
| | ) | C.A. No. 8:15-3661-HMH-JDA |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Report and Recommendation of United

States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)

and Local Civil Rule 73.02 for the District of South Carolina.[1]  Antonio Moultrie ("Moultrie")

is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In her Report

and Recommendation, Magistrate Judge Austin recommends granting the Respondent's

motion for summary judgment and denying Moultrie's petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Moultrie is currently incarcerated at the Lieber Correctional Institution, a South

Carolina Department of Corrections ("SCDC") facility.  In May 2008, Moultrie was indicted in

South Carolina state court for murder.  (Resp't Mem. Supp. Mot. Summ. J. Ex. 2 (App. 382-

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber,
423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made.
The court may accept, reject, or modify, in whole or in part, the recommendation made by
the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

83), ECF No. 15-2.)  After a jury trial, Moultrie was convicted of murder on December 4, 2008.  (Id. Ex. 2 (App. 369), ECF No. 15-2.)  Moultrie was sentenced to forty-five years' imprisonment.  (Id. Ex. 2 (App. 380), ECF No. 15-2.)  On December 12, 2008, Moultrie moved for a new trial.  (Id. Ex. 4 (Notice of Appeal), ECF No. 15-4.)  The trial court denied Moultrie's motion on June 12, 2009.  (Id. Ex. 4 (Notice of Appeal), ECF No. 15-4.)

Moultrie appealed his conviction on June 22, 2009.  (Resp't Mem. Supp. Mot. Summ. J. Ex. 4 (Notice of Appeal), ECF No. 15-4).  The South Carolina Court of Appeals affirmed Moultrie's conviction on December 5, 2011.  (Id. Ex. 7 (Dec. 5, 2011, Order), ECF No. 15-7.)  On December 21, 2011, Moultrie filed an application for post-conviction relief ("PCR").  (Id. Ex. 2 (App. 385-91), ECF No. 15-2.)  An evidentiary hearing was held on January 22, 2013.  (Id. Ex. 2 (App. 426-89), ECF No. 15-2.)  On March 11, 2013, the PCR court denied Moultrie's PCR application.  (Id. Exs. 2-3 (App. 490-502), ECF Nos. 15-2 & 15-3.)  Moultrie filed a petition for writ of certiorari with the South Carolina Supreme Court on December 9, 2013.  (Resp't Mem. Supp. Mot. Summ. J. Ex. 11 (Pet. Writ of Cert.), ECF No. 15-11.)  On October 8, 2014, the South Carolina Supreme Court denied the petition.  (Id. Ex. 14 (Dec. 9, 2013, Order), ECF No. 15-14.)

On November 24, 2014, Moultrie filed a petition for original jurisdiction and a petition for writ of habeas corpus to the South Carolina Supreme Court.  (Resp. Mot. Comp. Ex. 1 (Pet. Original Jurisdiction), ECF No. 25-1.)  The court denied the petition on January 15, 2015.  (Id. Ex. 2 (Jan. 15, 2015, Order), ECF No. 25-2.)  Moultrie filed a second petition for original jurisdiction on January 8, 2015.  (Id. Ex.3 (2d Pet. Original Jurisdiction), ECF No. 25-3.)  The

South Carolina Supreme Court rejected the second petition on February 5, 2015. (Id. Ex. 4 (Feb. 5, 2015, Order), ECF No. 25-4.)

Moultrie filed the instant § 2254 petition for writ of habeas corpus on September 8, 2015,[2] alleging as follows: (1) the admission of a portion of a 911 recording violated his right to confront his accusers; (2) his trial counsel was ineffective for failing to investigate evidence and compel discovery; and (3) his PCR counsel was ineffective for failing to amend his PCR application to allege that the trial judge gave an unconstitutional jury instruction on malice at trial. (Id., generally, ECF No. 1). On November 30, 2015, Respondent filed a motion for summary judgment. (Resp't Mot. Summ. J., ECF No. 16.) Moultrie filed a response on February 10, 2016. (Resp. Opp'n Mot. Summ. J., ECF No. 23.) Respondent filed a reply on February 22, 2016. (Reply Mot. Summ. J., ECF No. 27.) On July 13, 2016, Magistrate Judge Austin issued a Report and Recommendation. (R&R, ECF No. 31.) Within the deadline for objections to the Report and Recommendation, the court did not receive any objections from Moultrie. Having receiving no objections, the court issued an order on August 17, 2016, adopting the Report and Recommendation. (Aug. 17, 2016, Order, ECF No. 38.) Moultrie filed a motion for an extension of time and filed objections to the Report and Recommendation on August 16, 2016,[3] one day after objections were due. (Mot. Extension of Time, ECF No. 41; Objs., ECF No. 42.) Although late, the court vacates the August 17, 2016 Order adopting the Report and Recommendation and will consider Moultrie's objections.

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988).

[3] Id.

3

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

4

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

5

## C. Report and Recommendation

In her Report and Recommendation, Magistrate Judge Austin recommends granting summary judgment and dismissing Moultrie's claims. First, the magistrate judge concludes that Moultrie's claim that the admission of the 911 recording violated the confrontation clause is without merit because the state court properly applied the relevant Supreme Court precedent and Moultrie failed to provide facts that "[establish] that any questioning during the 911 call was an attempt to establish or prove past events potentially relevant to later criminal prosecution." (R&R 18, ECF No. 31 (internal quotations and citations omitted).) Second, the magistrate judge concludes that Moultrie's ineffective assistance of counsel claim for failing to investigate evidence is without merit because the PCR court's ruling was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. (Id. at 21-22, ECF No. 31.) Lastly, the magistrate judge concludes that Moultrie's claim of ineffective assistance of PCR counsel is not a cognizable ground for relief in a § 2254 action. (Id. at 22-23, ECF No. 31.)

## D. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, many of Moultrie's objections are nonspecific or merely restate his claims. However,

6

the court was able to glean three specific objections. Moultrie objects that the magistrate judge erred in finding that: (1) the state court's admission of portions of a 911 tape was objectively reasonable; (2) the PCR court's conclusion that trial counsel was not ineffective for failing to investigate evidence was objectively reasonable; and (3) PCR counsel was not ineffective for failing to raise the issue of an unconstitutional malice instruction because it is not a cognizable federal habeas claim.

### 1. Admission of 911 Tape

Moultrie objects to the magistrate judge's conclusion that the state court's admission of portions of a 911 tape was objectively reasonable. (Objs. 2-3, ECF No. 42.) Moultrie argues that an EMS dispatcher's request that the victim "tell me exactly what happened," was made for investigative purposes, rather than the current medical emergency. (Id., ECF No. 42.) Moultrie argues that the dispatcher's question focused on past events, rather than an ongoing emergency, which would make the response testimonial and therefore not admissible, pursuant to Crawford v. Washington, 541 U.S. 36 (2004), and Davis v. Washington, 547 U.S. 813 (2006).[4] (Id., ECF No. 42.) Therefore, Moultrie argues the trial court's ruling was contrary to or an unreasonable application of Supreme Court precedent. (Id., ECF No. 42.)

"In accordance with the Confrontation Clause, '[t]estimonial statements of witnesses absent from trial [are] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.'" United States v. Keita, 742 F.3d

---

[3] Moultrie argues the magistrate judge erred in not considering Hammon v. Indiana, 547 U.S. 813 (2006). However, Hammon was decided with Davis. See Davis, 547 U.S. at 813. Therefore, the court treats this as an argument that the magistrate unreasonably applied Davis.

184, 189 (4th Cir. 2014) (quoting <u>Crawford</u>, 541 U.S. at 59). "The Supreme Court has explained that the Confrontation Clause bars only testimonial statements because '[o]nly statements of this sort cause the declarant to be a "witness" within the meaning of the Confrontation Clause.'" <u>Id.</u> (quoting <u>Davis</u>, 547 U.S. at 821). In <u>Crawford</u>, the Supreme Court explicitly did not provide a comprehensive definition of what is "testimonial," but held that, at a minimum, there was a "core class" of testimonial statements, which includes:

> *ex parte* in-court testimony or its functional equivalent – that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially, extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions, [and] statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

<u>Crawford</u>, 541 U.S. at 51-52, 68 (2004) (internal quotation marks and citations omitted). Additionally, the Supreme Court held that this definition applied to police interrogations, <u>id.</u> at 68, which can include interrogation by a 911 operator. <u>See</u> <u>Davis v. Washington</u>, 547 U.S. 813, 823 n.2 (2006). The <u>Davis</u> Court further clarified the differences between testimonial and nontestimonial statements as follows:

> statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

<u>Davis</u>, 547 U.S. at 822.

In the case at bar, Moultrie's counsel challenged the admission of the 911 recording at trial and on appeal. Both the trial court and court of appeals heard extensive arguments about

the admissibility of the 911 recording and applied <u>Crawford</u> and <u>Davis</u>. (Resp't Mem. Supp.

Mot. Summ. J. Ex. 1 (App. 46-62), ECF No. 15-1; <u>Id.</u> Ex. 5 (Am. Final Br. Appellant), ECF

No. 15-5.) After consideration, the trial court admitted the 911 recording over trial counsel's

objections. (<u>Id.</u> Ex. 1 (App. 65), ECF No. 15-1.) Similarly, the Court of Appeals cited

<u>Crawford</u> and <u>Davis</u> in finding the trial court did not err in admitting the recording. (<u>See id.</u>

Ex. 7 (Dec. 5, 2011, Order), ECF No. 15-7.)

In the instant case, Moultrie has failed to present facts which demonstrate that the

circumstances of the 911 recording contain testimonial statements. To the contrary, the 911

recording indicates that the EMS dispatcher was attempting to provide medical treatment to the

victim and inquired as to what had happened in an effort to assess the situation and provide aid.

Immediately after being connected on the call, the EMS dispatcher asked, "what's the problem,

tell me exactly what happened," in relation to urgent medical treatment. (<u>Id.</u> Ex. 1, (App. 51),

ECF No. 15-1.) Following the victim's answer, the EMS dispatcher focused on the victim's

wound and advised the victim how to properly care for the wound. (Resp't Mem. Supp. Mot.

Summ. J. 7, ECF No. 15). It was objectively reasonable for the trial court to conclude that the

EMS dispatcher's questions were designed to aid the victim in an ongoing emergency, rather

than as the basis of an investigation. Therefore, Moultrie's objection is without merit.

### 2. Failure to Investigate Evidence

Moultrie objects to the magistrate judge's finding that the PCR court was objectively

reasonable when it determined that trial counsel was not ineffective for failing to fully

investigate footprint evidence. (Objs. 3-5, ECF No. 42.) In order to successfully challenge a

conviction or sentence on the basis of ineffective assistance of counsel, Moultrie must

demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Moultrie must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Moultrie argues that trial counsel did not conduct a reasonable investigation into shoe print evidence, which Moultrie contends would have supported his testimony that the victim was also armed and his actions were in self-defense. (Objs. 3, ECF No. 42.) Moultrie submits that trial counsel was deficient for failing to request production of the victim's shoes to confirm trial counsel's belief that footprints near a bloody knife belonged to the victim, the only other person at the crime scene. (Id. at 3-4, ECF No. 42.) Similarly, Moultrie argues that he was prejudiced by trial counsel's failure to investigate the shoe print evidence because, without the victim's shoes, he was "unable to challenge the State's argument that the shoeprint belonged to the Petitioner." (Resp. Opp. Mot. Summ. J. 23, ECF No. 23.) Moultrie further argues that the PCR court actually found prejudice, as evidenced by the PCR court's comments and questioning of the State's attorney during its evidentiary hearing. (Objs. 4, ECF No. 42.) Moultrie asserts that the PCR court's statements about the existence of prejudice during the hearing made the PCR court's ultimate decision that there was no prejudice objectively unreasonable. (Id., ECF No. 42.) The court disagrees.

"Decisions concerning what evidence to present are tactical decisions entitled to deference." Yaitsky v. United States, C.A. No. 2:04-cr-1097-PMD, 2008 WL 3845446, at *10 (D.S.C. Aug. 18, 2008) (unpublished). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 690-91.

The PCR court applied this standard and determined that trial counsel's decision not to investigate was reasonable, finding that:

> [f]urther investigation into whether the footprint impression at the scene matched the shoeprint of the victim was not necessary as the record and the Applicant's testimony at trial reflects the victim and the defendant were the only persons present during the incident. It is cognizable that during counsels' investigation of the Applicant's footprint impressions, counsel logically deduced that if the prints were not that of the Applicant they were the victim's footprint which would not warrant any further investigation. This Court finds that the Applicant has presented no evidence showing what would have resulted had counsel investigated whether the victim's shoeprint matched the footprint impressions taken at the scene. This Court finds counsel made a reasonably independent investigation of the facts surrounding the Applicant's case prior to trial and fully investigated all evidence that would assist with the presentation of a self-defense claim at trial.

(Resp't Mem. Supp. Mot. Summ. J. Ex. 2 (App. 500), ECF No. 15-2.)

The court finds the PCR court's conclusion was reasonable. Pictures of both the footprints found at the crime scene and Moultrie's shoes were admitted during the trial. (Id.

11

Ex. 1 (App. 89-100, 152-53), ECF No. 15-1.)  Additionally, trial counsel successfully argued

that any testimony about whose footprints were located at the crime scene was not admissible.

(Id. Ex. 1 (App. 192-93), ECF No. 15-1.)  During closing, trial counsel displayed the pictures of

Moultrie's shoes and the footprints found at the crime scene to highlight specific differences,

including a "23" logo on Moultrie's shoe which she argued was not present in the crime scene

footprints.  (Id. Ex. 2 (App. 323-24), ECF No. 15-2.)  While obtaining the victim's shoes may

have further supported Moultrie's self-defense claims, the PCR court's conclusion that trial

counsel's conduct was not deficient is supported by the record and was objectively reasonable.

        For similar reasons, Moultrie has failed to establish prejudice.  During the PCR hearing,

Moultrie's trial counsel stated that "it's just obvious that it's not [Moultrie's] – it's not his

shoe."  (Id. Ex. 2 (App. 442-43), ECF No. 15-2.)  Further, Moultrie failed to present any

testimony to demonstrate how a footprint expert would have affected the outcome of the trial

given that the jury was able to compare pictures of Moultrie's shoes with the footprints found at

the crime scene.  (Resp't Mem. Supp. Mot. Summ. J. Ex. 2 (App. 500-01), ECF No. 15-2.)

Lastly, in regard to the PCR court's comments during the PCR hearing, the court concludes that

the comments were not findings but merely statements made as part of dialogue with the State's

counsel.  The fact that the PCR court's order ultimately differed from some of its comments

made during the hearing is not evidence that the PCR court's conclusions were objectively

unreasonable.  Based on the foregoing, Moultrie has failed to demonstrate that trial counsel was

constitutionally ineffective or that he has been prejudiced.  Therefore, Moultrie's objection is

without merit.

### 3. Ineffective Assistance of PCR Counsel

Moultrie objects to the magistrate judge's conclusion that his claim that PCR counsel was ineffective for failing to amend and raise the issue of an unconstitutional malice instruction was not a cognizable federal habeas claim. He argues it should instead be liberally construed as a claim for ineffective assistance of trial counsel. (Objs. 5, ECF No. 42). Moultrie argues that his references to PCR counsel should be construed as cause and excuse for relief, rather than the ground for relief. (Id., ECF No. 42). The court disagrees.

The Supreme Court, in Martinez v. Ryan, clarified the difference between a "ground for relief" and "cause" for excuse:

> Section 2254(i) provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief." "Cause," however, is not synonymous with "a ground for relief." A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted. . . . In short, while § 2254(i) precludes [a petitioner] from relying on the ineffectiveness of his postconviction attorney as a "ground for relief," it does not stop [a petitioner] from using it to establish "cause."

Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012).

The petitioner in Martinez claimed ineffective assistance of trial counsel as his ground for relief in his § 2254 claim. See id. In contrast, Moultrie's § 2254 petition focuses entirely on the ineffective assistance of PCR counsel: "Ground Three: Ineffective Assistance of PCR Counsel in failing to amend and raise the issue of an unconstitutional malice instruction." (§ 2254 Petition 8, ECF No. 1.) While Moultrie asserts that, liberally construed, this is effectively a claim for ineffective assistance of trial counsel, the court agrees with the magistrate judge that Moultrie's claim is only for ineffective assistance of PCR counsel.

Further, even if Moultrie's claim could be construed as one for ineffective assistance of trial counsel, the court finds that it would be procedurally defaulted. Absent a valid excuse, a state prisoner must first exhaust state remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1). To exhaust a claim for federal habeas review, it must be presented to the highest court of the state on either direct or collateral review. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Smith v. Digmon, 434 U.S. 332, 333-34 (1978) (per curiam). Procedural default may be excused only if Moultrie "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Although Moultrie contends that the PCR counsel was ineffective for failing to argue his trial counsel was ineffective for failing to object to the malice instruction, the PCR court considered this claim and ruled it was without merit:

> This Court finds that the Applicant failed to meet his burden of proving trial counsel should have objected to the malice jury charge given at trial. This Court finds the malice charge at trial was not objectionable at the time given. This Court also finds that the Supreme Court's ruling in Belcher v. State, had no effect on the validity of the Applicant's conviction.

(Resp't Mem. Supp. Mot. Summ. J. Ex. 2 (App. 496-97), ECF No. 15-2 (internal footnotes omitted).) Moultrie, who was represented by different counsel on his PCR appeal, only appealed the PCR court's ruling on his claim of ineffective assistance of counsel for failing to investigate evidence. (Resp't Mem. Supp. Mot. Summ. J. Ex. 11 (Pet. Writ of Cert. 5), ECF No. 15-11.) Even if Moultrie's focus on PCR counsel's deficiency was an argument for cause, it would not excuse the procedural default of this claim. Therefore, Moultrie's claim of

14

ineffective assistance of trial counsel would be defaulted because Moultrie failed to exhaust his

state remedies and no excuse has been shown.  Thus, this claim fails.

After a thorough review of the Report and Recommendation and the record in this case,

the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it

herein.  Based on the foregoing, the court grants Respondent's motion for summary judgment

and dismisses Moultrie's habeas petition with prejudice.

It is therefore

**ORDERED** that Petitioner's motion for extension of time, docket number 41, is

granted.  It is further

**ORDERED** that the previous order adopting the Report and Recommendation and

dismissing the case, dated August 17, 2016, docket number 38, is vacated.  It is further

**ORDERED** that Petitioner's motion to alter or amend judgment, docket number 44, is

denied as moot.  It is further

**ORDERED** that Respondent's motion for summary judgment, docket number 16, is

granted and Moultrie's habeas petition is dismissed with prejudice.  It is further

**ORDERED** that a certificate of appealability is denied because Petitioner has failed to

make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 9, 2016

15

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.